## JAMES V. PAGANO
*vs.*
## FREDERICK W. MITCHELL

Superior Court      New Haven County      File No. 59872

### MEMORANDUM FILED JUNE 9, 1941.

*William H. Burland,* and *Fitzgerald, Foote & Fitzgerald,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* of New Haven, for the Defendant.

FOSTER, J.   This is a case in which the credibility of witnesses as determined by the court strongly influences the conclusion reached.

Howe Street in New Haven runs north and south and crosses Chapel Street, George Street and Legion Avenue.   The defendant, a man of mature years, a man who had operated automobiles since 1915, was on December 27, 1939, intending to have lunch at the Y.W.C.A. and, driving his automobile, was seeking a place to park it.   He drove west on Chapel Street, then turning south on Howe Street, proceeded south across George Street.   Between George Street and Legion Avenue he decided to turn around and drive back north on Howe Street.   Reaching a private driveway on the west side of Howe Street, he stopped his automobile and backed into the driveway to the extent that the front wheels of his automobile were in the gutter.   He looked left and right, and, seeing no vehicle approaching from either direction, he pro-

ceeded to cross Howe Street with the intention of making a left turn north on Howe Street.

The plaintiff at that time was proceeding south on the west side of Howe Street, driving a three-wheel side-car motorcycle very rapidly. The plaintiff testifies that he was traveling 15 to 20 miles per hour. He told a police officer he was traveling 30 miles per hour. The defendant testifies that the plaintiff crossed George Street after the defendant started to cross Howe Street. The defendant testifies that, though he looked toward George Street at the time he started his automobile, he did not see the plaintiff until he was within 15 feet of him and that he "came like a shot." The plaintiff's employer testifies that the plaintiff told him that he lost control of the motorcycle. When the plaintiff did see the defendant, he veered left and applied his brakes and skidded 34 feet. The policeman, McDonald, testifies to the length of the skid marks. It was a clear, dry day. The plaintiff's motorcycle collided with the defendant's automobile, and the plaintiff was injured.

I find that the plaintiff has failed to prove that the defendant was guilty of negligence alleged in the complaint.

I find that the defendant has proved that the plaintiff was guilty of negligence alleged in his "Special Defense" in that the plaintiff did not keep a proper lookout for vehicles being operated on the highway at that time and place; in that he was driving at a speed that was too fast under the surrounding conditions; in that he did not maintain a proper control over the motor vehicle that he was operating.

Judgment is rendered in favor of the defendant against the plaintiff.